## ELLIS, *Administrator, versus* SMITH.

In a suit prosecuted by the administrator of an insolvent estate, a note against the intestate, held by the defendant as *indorsee,* may be filed and allowed in set-off. The provision in regard to set-offs, in c. 115, R. S., does not apply in such cases.

Where a bond owned by the intestate, had in fact been by him assigned as security to his creditor, but was inventoried among the assets of his estate, and the *obligor* presented and was allowed a much larger claim against the estate, before the commissioners of insolvency, the bond is not affected by such proceedings. The commissioners had no authority over the bond.

Where such bond was assigned to *several* creditors of the intestate, but only *one* of the assignees knew of its transfer, or accepted of its provisions, as to all who had not previously assented to it, the assignment was revoked by the death of the assignor and was wholly inoperative.

To an action by an administrator of an insolvent estate, upon a judgment which had been assigned by the intestate for security to a creditor, any lawful claims against the intestate which defendant had at the time of his death,

may be filed and allowed in set-off, after the debt for which the judgment was assigned has been first paid and the costs of the suit; and if the amount in set-off exceeds the balance due in the suit, the defendant is entitled to a judgment for the excess, and to have the same certified to the Probate Court as his claim against the estate.

Chap. 98, of Acts of 1854, is *prospective* in its operation.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.

DEBT.

The general issue was pleaded and two brief statements of defence filed, in which payment and an account in set-off was set up, and also an adjudication and settlement of the judgment by proceedings before the commissioners of insolvency on the estate represented by plaintiff.

After the evidence was introduced, it was agreed, that upon so much of the testimony as was legally admissible, the full Court should render such judgment as the law may require.

Benjamin H. Ellis, the plaintiff's intestate, had a bond given to him by defendant in 1841, for the payment of $1500, which he assigned to certain of his creditors for security. Of the assignees, only Bradbury and Rice appeared to have any knowledge of the transfer, or assented to it before his death.

In 1850, Ellis recovered judgment on that bond, and died soon after. This suit is upon that judgment. The costs only have been paid.

In set-off was filed a promissory note or obligation given to William Weston & Co. and by them indorsed to defendant, signed by said Ellis and Joseph and Peter S. Ellis, the intestate's *administrator*, payable in 1843, and of much larger amount than the judgment.

The allowance of this note was objected to because the defendant was indorsee and because the partnership of Weston & Co. was not proved.

Joseph Ellis had also deceased, and both his and Benjamin's estate were in fact insolvent, on which commissioners had been appointed and this note had been presented and allowed against both estates.

Ellis *v.* Smith.

One half of the judgment sued in this action was included in each inventory of those estates, and under license obtained from the Probate Court, so much of this demand as belonged to plaintiff's intestate, was sold at auction to J. S. Abbott.

*J. H. Webster,* for defendant.

1. The fact that defendant is indorser does not deprive him of the right of filing this note in set-off. The estate is insolvent, and the principles applicable to such estates must govern this case. A similar statute to ours has been in force in Massachusetts for a long time under which many decisions have been made which show this defence is tenable. *McDonald, Adm'r,* v. *Webster,* 2 Mass. 498 ; *Knapp, Adm'r,* v. *Lee.* 3 Pick. 452 ; *Jarvis, Adm'r,* v. *Rogers,* 15 Mass. 389 ; *Bigelow, Adm'r,* v. *Folger,* 2 Met. 225 ; *Phelps, Adm'r,* v. *Rice,* 10 Met. 128.

2. Under our statutes our Courts have followed a similar rule of decision. *Fox, Adm'r,* v. *Cutts,* 6 Maine, 240 ; *Lyman, Adm'r,* v. *Estes,* 1 Maine, 182 ; *Medomac Bank* v. *Curtis,* 24 Maine, 236.

3. The matter in suit here has been settled by the commissioners on the estate and no action can be maintained thereon. The amount allowed against the estate is nearly three times the amount of this judgment, but not the whole amount of the note. It was the duty of the administrator to present the claim of the estate.

4. But it is said this judgment was assigned, and therefore the commissioners had nothing to do with it. The evidence is wanting to establish it. And it has always been treated as belonging to the estate.

5. If the assignment was real, the bond was not negotiable, and the assignees took it subject to the equities between the parties.

6. But if the assignment is sustained, it should be for no more than is due the assignees.

*J. S. Abbott,* for plaintiff, argued at length the following positions : —

1st. The general issue being to the Court, and not to the country, no brief statement is admissible, nor any special matter in defence. R. S., c. 115, § 18.

2d. The general issue admits the capacity of plaintiff to sue as administrator. *Clark, Adm'r.* v. *Pishon*, 31 Maine, 503.

3d. No payment is proved. *Smith, in equity,* v. *Ellis &* *als.,* 29 Maine, 423.

4th. The note is not available in set-off, being held by defendant assignee. *Smith, in equity,* v. *Ellis,* 29 Maine, 426; *Call* v. *Chapman,* 25 Maine, 128.

5th. The proceedings in the Probate Court constitute no defence. There were no appropriate pleadings under which such proceedings are receivable, there being no special plea, and the general issue being to the Court and not to the country, no brief statement is receivable. R. S., c. 115, § 18; *McDonald, Adm'r.* v. *Webster,* 2 Mass. 500; *Knapp* v. *Lee,* 3 Pick. 460.

No evidence is in the case that the judgment sued was considered by the commissioners, but rather that the whole amount of the note was allowed, just as presented and claimed by the defendant.

6th. The cause of action was assigned before the defendant purchased any interest in the note of Weston & Co., and hence that note cannot be available in the defence.

7th. The proceedings in the Probate Court defeat and overthrow the defence. For if the defence should be sustained, he would in effect obtain his pay twice.

8th. The Act to amend c. 120, R. S., approved April 19, 1854, § § 3 and 4, is applicable and conclusive against the defendant. *Thayer* v. *Seavey,* 11 Maine, 284.

APPLETON, J. — The right of the plaintiff to recover being established by the production of a copy of the judgment declared on, the material inquiry presented for consideration, relates to the claim in set-off, upon which the defence entirely rests. The note of the plaintiff's intestate payable

to William Weston & Co., and by them indorsed, was seasonably filed, and upon representation being made that the estate of Benjamin H. Ellis was insolvent, and the appointment of commissioners, the same was duly presented for their consideration, and by them allowed to this defendant.

The note was shown to have been in the hands of defendant before the decease of Ellis, and has remained his property to the present time. Under the statute of this State regulating the right of set-off, it could not have been filed as against the plaintiff's intestate, but death and insolvency having ensued, it remains to consider how far these facts may have changed the relative rights of parties.

The right of compensation, as set-off is termed in the civil law, is of the highest equity. "It is established upon the common interest of the parties between whom it is made ; it is clear that each of them had an interest to compensate rather than to pay what they owe, and to have an action to recover what is due to them." Evan's Pothier, Part 4, art. 3, c. 4. The equity of this principle is peculiarly manifest in case of mutual and reciprocal claims between an insolvent estate and a solvent creditor. It would be in the highest degree unjust to compel the solvent creditor in his capacity as debtor, to pay the entire debt he may owe the estate and to receive back by way of dividend such fraction of the money paid, as the insolvency of the estate may permit.

The creditor of an insolvent estate cannot commence a suit against the administrator, without having first presented his claim before commissioners, and if disallowed, the statute then gives him a right of action. The statute regulating the distribution of the assets of insolvent estates, contemplates a fair adjustment of all demands existing between the parties at the time of the death of the insolvent, and that a creditor of the estate should be compelled to receive a dividend only upon such balance as may be due him. In making this adjustment, the statute of set-off, as between the original parties, has not been regarded as applicable.

The statutes of Massachusetts are substantially the same as those of this State, as regard the settlement of insolvent estates and the right of set-off, and the decisions of their Courts on these subjects are entitled to the highest consideration. In *McDonald* v. *Webster*, 2 Mass. 498, the Court say, " that by force of the statute for the distribution of insolvent estates, all the mutual demands subsisting between the insolvent and his creditors were to be liquidated and balanced. If the balance be against the estate, it must be laid before the commissioners, and by them reported to the Judge, that the creditor may receive his dividend." In *Lyman* v. *Estes*, 1 Greenl. 182, the doctrine of *McDonald* v. *Webster*, was rëaffirmed, and it was then held that an equitable claim against an insolvent estate, though never presented to the commissioners, may be shown by way of set-off to an action of assumpsit by the administrator. " Strict principles of the common law, and the technical rules of pleading must not be applied," remarked MELLEN, C. J., " to cases where the parties have not mutual remedies at law, which they can enforce, as in cases of insolvency." In *Knapp* v. *Lee*, 3 Pick. 452, the Court held that a demand not presented before the commissioners might be pleaded in set-off, and the judgment rendered for either party, as the balance should appear. In *Bigelow* v. *Folger*, 2 Met. 255, it was decided that a debt of the insolvent intestate not yet due might be set-off in a suit brought by the administrator. In *Phelps* v. *Rice*, 10 Met. 128, a claim against an attorney for professional neglect, which had been presented before the commissioners and by them been disallowed, was permitted to be pleaded in set-off to a suit brought by the administrator of the negligent attorney. The Court expressly recognize this as a claim not within the statute regulating set-off. " But the demand sued in this case," says HUBBARD, J., " being that of an administrator of an insolvent estate, the right of set-off is not limited to cases provided by the statute of set-off. It extends to all cases where mutual demands exist which survive the death of the party, and a

defendant, therefore, when sued, may set up in defence, claims not liquidated, as well as those, the amount of which are ascertained." To give effect to the principles involved in the statute providing for the settlement and distribution of insolvent estates, the creditor is permitted to plead his counter claims, whether they were presented before the commissioners or not, and whether they could have been filed in set-off or not in a suit by the deceased intestate.

The defendant insists, that by virtue of R. S., c. 109, the commissioners were bound to report only the balance due from the estate to the defendant, that the claim by them allowed is such balance, and that consequently the judgment in suit is to be regarded as having thereby been extinguished.

The evidence reported satisfactorily proves, that the original demand which resulted in the judgment in suit, was on Jan. 14, 1842, assigned to Messrs. Bradbury & Rice to secure the sum of about seventy dollars due from B. H. Ellis to them. The demand having been assigned as security, to the extent of the interest of those accepting such assignment, the rights of the assignees must be protected. By the assignment the control of the demand vested in the assignees subject to the right of the assignor upon payment by him of the amount due, to be restored to his original title. As no suit could be maintained in the name of the assignee, the assignment conferred authority to use the name of the assignor, and in case of his death, that of his administrator or executor, to enforce by suit the payment of the demand. The demand having been assigned, it is immaterial whether the amount to be secured was great or small. In either event the control of the demand passed from the assignor. The commissioners were not a tribunal by whom the validity of the assignment, the amount due, or any other facts affecting the interests of the assignee were to be determined. As the whole demand was assigned for security, they could not diminish that security by canceling any portion of the demand assigned. The assignee, then, was the legal

owner of the demand for the purposes for which the assignment was made, and as such, was under no obligation to present his claim before the commissioners, and if it was not presented, he would be in no way affected by their determination in relation thereto.

The assignment having been drawn by Messrs. Bradbury & Rice, it is obvious they must have known its terms, and as it was beneficial to them, their assent may be presumed. From the testimony of Ballard, the attesting witness, it appears, that no other creditors who were to be secured by this assignment were present. There is no evidence, that it was made at the instance of any creditors, save that of Messrs. Bradbury & Rice. Indeed the fair inference from the proof is, that it was made without the knowledge of the other creditors at the time. They do not appear subsequently to have been apprised of its existence. Without knowledge of that fact, they could not have assented thereto. Without their assent it remains a mere proposition, for nothing is clearer than that to constitute a binding contract, there must be the assent of the minds of the contracting parties to its terms.

The death of Ellis operated as a revocation of the assignment, except as to those who had previously assented thereto, and left his remaining interest in the demand a part of the assets of the estate to be distributed among all the creditors, so far as the same could be legally enforced. As no assent appears previously to have been given, so none subsequent would be of any avail.

The attention of the Court has been called to the Act of 1854, c. 98, § § 2, 3, as having a bearing on the questions here presented for adjudication. The contracts of the parties, out of which the present litigation has arisen, refer to a period of time as early as 1842. The present suit was commenced in 1851 and the report of the case was drawn up two years subsequently. The statute changes the law as it existed at its passage, but the change is prospective in its effect, and nothing indicates an intention that it should

in any way affect or alter rights which had been acquired under prior laws.

The assignees, Messrs. Bradbury & Rice, hold the entire demand as security for what may be due them. Upon and after payment to them of their debt and the costs of this suit, the remainder of the judgment is to be set off against the defendant's claim. Judgment will be rendered for the balance thus found and certified to the Judge of Probate as the claim upon which a dividend is to be paid. *Bigelow* v. *Folger*, 2 Met. 255.

SHEPLEY, C. J., and TENNEY and CUTTING, J. J., concurred.